17-2534
*SEC v. Marcus et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-six.

Present:
DEBRA ANN LIVINGSTON,
*Chief Judge*,
DENNIS JACOBS,
BARRINGTON D. PARKER,
*Circuit Judges*.

_____

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

v.

PAUL MARCUS, THE DEANE J. MARCUS TRUST, THE STEVEN E. MARCUS TRUST, THE CHERYL MARCUS-PODHAIZER TRUST, THE EVE S. MARCUS CHILDREN'S TRUST,

LISA MEYER, DEBRA MAYER, ALFRED C. HEITKOENIG, ELNA CHARLOTTE HEITKOENIG, MAAKIE HEITKOENIG,

Interested Parties-Appellants,

17-2534 (Lead);
17-2537 (Con);
17-2681 (Con);
24-2751 (Con)

1

AMERINDO INVESTMENT ADVISORS INC.,
ALBERTO WILLIAM VILAR, GARY ALAN TANAKA,
AMERINDO ADVISORS UK LIMITED, AMERINDO
MANAGEMENT INC., AMERINDO TECHNOLOGY
GROWTH FUND, INC., AMERINDO TECHNOLOGY
GROWTH FUND II, INC., TECHNO RAQUIA, S.A.,
AMERINDO INVESTMENT ADVISORS, INC. (PANAMA),

*Defendants- Appellants.*

---

For Plaintiff-Appellee:               EMILY TRUE PARISE, Senior Appellate Counsel (Jeffrey
                                      B. Finnel, Acting General Counsel, Tracey A. Hardin,
                                      Solicitor, Stephen G. Yoder, *on the brief*), U.S.
                                      Securities and Exchange Commission, Washington
                                      D.C.

For Claimant-Appellant:               JAMES A. MITCHELL (Bradley R. Gershel, *on the brief*),
                                      Ballard Spahr LLP, New York, New York.          .

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Claimants-Appellants Paul Marcus, The Deane J. Marcus Trust, The Steven E. Marcus Trust, The Cheryl Marcus-Podhaizer Trust, and The Eve S. Marcus Children's Trust (collectively, the "Marcus Claimants") appeal from the September 17, 2024 order of the United States District Court for the Southern District of New York (Sullivan, *J.*), directing the remaining receivership assets be distributed solely to the Securities and Exchange Commission ("SEC") in partial satisfaction of its outstanding penalty judgment.[1]

---

[1] Because Claimants-Appellants challenge only the 2024 Order in their briefs, they have waived any arguments regarding the interim distribution orders from which the 2017 Appeals were taken. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,* 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."). To the extent that the Mayer Claimants and Alfred Heitkoenig join in the Marcus Claimants' arguments,

On appeal, the Marcus Claimants argue that the district court abused its discretion by (1) improperly constraining its equitable authority in fashioning a remedy, (2) declining to differentiate between Amerindo Technology Growth Fund ("ATGF") investors and Guaranteed Fixed Rate Deposit Account ("GFRDA") investors, and (3) rejecting ATGF investors' asserted constructive trust rights in the surplus funds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

\* \* \*

"Once the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies . . . ." *SEC v. Frohling*, 851 F.3d 132, 138 (2d Cir. 2016) (internal quotation marks omitted). "We review the District Court's decision relating to the choice of distribution plan for the receivership estate for abuse of discretion." *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 87 (2d Cir. 2002).

First, the Marcus Claimants argue that the district court erroneously concluded that it lacked authority to distribute leftover profits to investors and thereby improperly constrained its equitable powers. We disagree; the district court did not disclaim authority. Assuming *arguendo* that the court possessed the authority to allocate surplus profits to investors at this stage, its refusal to do so was, in any event, soundly grounded in its exercise of equitable discretion. The district court crafted a three-part remedy that "returned investors' principal investments, disgorged ill-gotten gains, and imposed a civil penalty for the wrongdoing." *Sec. & Exch. Comm'n v. Amerindo Inv. Advisors Inc.*, No. 05-CV-5231 (RJS), 2024 WL 4212459, at \*5 (S.D.N.Y. Sept. 17, 2024).

---

those arguments fail for the reasons explained in this order. Any other arguments raised are waived because they were not presented in a timely opening brief. *See id.*

3

Through four interim distributions, the defrauded investors recouped "the entirety of the investors' principal in the amount of $54,404,467.83, plus an inflation adjustment of $13,849,639.27." *Id*. at *1. Given that these distributions offset defendants' disgorgement judgments, *see id.* at *1, "all that remain[ed] [was] to discharge the SEC's penalty judgment." *Id*. at *5. Exercising its equitable discretion, the district court concluded that there was no justification "to dole out extra payouts to investors—who ha[d] already been repaid in full on their principal investments—while the SEC's penalty judgment [sat] unpaid." *Id*. at *4. We discern no abuse of discretion in the district court's decision to direct the funds to the SEC.

Second, the Marcus Claimants argue that the district court abused its discretion by treating ATGF and GFRDA investors as similarly situated. They contend that the district court overlooked the fact that ATGF investors bargained for and accepted greater market risk than GFRDA investors in anticipation of potentially higher returns.

However, the false representations used to induce investment—and investors' subjective expectations derived from these misrepresentations—are not dispositive. "[A] trustee or receiver devising a distribution plan is not required to apportion assets in conformity with misrepresentations and arbitrary allocations that were made by the defrauder, 'otherwise, the whim of the defrauder would . . . control[] the process that is supposed to unwind the fraud.'" *Commodity Futures Trading Comm'n v. Walsh*, 712 F.3d 735, 749 (2d Cir. 2013) (quoting *In re Bernard L. Madoff Investment Securities LLC,* 654 F.3d 229, 241 (2d Cir.2011)). Here, as the district court explained, the promises to both groups of investors were "equally illusory." *Amerindo Inv. Advisors Inc.,* 2024 WL 4212459, at *4. It is undisputed that the defendants commingled ATGF and GFRDA investments and indiscriminately drew on these pooled funds to purchase assets. Where, as here, the funds of the defrauded victims were commingled, a *pro rata* distribution is

favored, *see Credit Bancorp, Ltd.*, 290 F.3d at 88-89, and the court is not required to honor artificial distinctions between investor groups that do not align with the reality of the fraudulent scheme. While a non-*pro rata* distribution plan may be warranted in some circumstances, *see Walsh*, 712 F.3d at 751, the district court did not abuse its discretion in concluding that the defendants' "equally illusory tales of returns and risk" did not justify differential treatment here. *Amerindo Inv. Advisors Inc.*, 2024 WL 4212459, at *4.[2]

Third, the Marcus Claimants argue that the district court abused its discretion by refusing to accord ATGF investors priority under a constructive trust theory. However, that theory—premised on the notion that ATGF investors are the beneficial owners of the remaining assets—is untenable in light of the undisputed commingling of investor funds. The commingling of funds makes traceability virtually impossible and undermines any specific right on behalf of ATGF investors to particular assets. And in any event, a beneficial interest arising from a constructive trust "does not defeat the equitable authority of the District Court to treat all the fraud victims alike (in proportion to their investments) and order a *pro rata* distribution." *Credit Bancorp, Ltd.,* 290 F.3d at 88. The district court acted within its discretion in concluding that recognizing a constructive trust would be inconsistent with the fair and orderly distribution of assets.

---

[2] Additionally, the Marcus Claimants' analogy to *S.E.C. v. Enterprise Tr. Co.*, 559 F.3d 649 (7th Cir. 2009) is inapt. First, "the Seventh Circuit in *Enterprise Trust* did not purport to state overarching legal principles as to circumstances in which a *pro rata* distribution plan would not be within the proper bounds of discretion. Rather, it simply ruled that the district court in that case had not abused its discretion in approving the layered, non-*pro rata*, distribution plan presented to it." *Walsh*, 712 F.3d at 751. Second, the facts of *Enterprise Trust* are clearly distinguishable. Unlike the custodial customers in *Enterprise Trust* who "did not enter into any agreement that entailed a market or trading risk," *see id.*, GFRDA investors expected securities to be purchased. The district court thus did not err in concluding that while the promises made to the GFRDA and ATGF investors may have differed somewhat, both sets of investors, whose funds were all commingled, were defrauded with "equally illusory tales of return and risk" that "[did] not justify disparate treatment here." *Amerindo Inv. Advisors Inc.*, 2024 WL 4212459, at *4.

5

We have considered the Marcus Claimants' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk